IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

RAYMOND CALVIN,
ADC #118038                                                                                   PLAINTIFF

v.                                      1:09CV00006HLJ

LARRY MAY, et al.                                                                         DEFENDANTS

ORDER

This matter is before the Court on plaintiff's motion to compel (DE #79). Defendants have filed a response in opposition to the motion (DE #84). The Court will address the items at issue in the motion as follows:

1) Policies which relate to defendants' duties and responsibilities, including the Employee Conduct Standards Manual. Plaintiff states such is needed to show that defendants failed to follow proper procedures with respect to ventilation and cell temperatures. Defendants respond by stating that numerous ADC policies are available for plaintiff's review in the inmate law library at his Unit, but that the Employee Conduct Standards Manual is not available for inmates, due to security risks and risks of diminishing morale in the Units. The Court agrees with the defendants and will deny plaintiff's present request. However, at the time of trial, defendants shall be prepared to present testimony and/or evidence concerning how ventilation and cell temperatures are controlled for the area at issue in this action.

2) Daily temperature logs in the Isolation area for certain dates in July and August, 2008. Plaintiff states such will show he was subjected to extreme temperatures on those dates. Defendants respond by stating they have provided plaintiff with all daily logs from July and August, 2008, but were unable to locate logs for a few dates during those months. The Court will deny plaintiff's

request, but will direct defendants to provide plaintiff with any additional logs as they are discovered.

3) Records of all inmates confined to an Isolation cell in July and August, 2008. Plaintiff asks for this information in order to identify witnesses. Defendants respond that inmates are not permitted information from other inmates' records, and that plaintiff should be able to identify the inmates he knows were housed in that area during that time. Although the Court agrees with the defendants' security concerns, the Court finds that security should not be adversely affected by revealing the names and ADC numbers of the inmates housed in the cells adjacent to the plaintiff in July and August, 2008.

4) Records from the disciplinary hearing of inmate John Williams on May 22, 2008. Plaintiff asks for this information to help prove his claim of discrimination. Defendants repeat that other inmates' records are not provided; however, defendants state plaintiff has been provided information explaining the charges filed against plaintiff and inmate Williams, the witness statements concerning the altercation at issue, and an explanation for the difference in sentencing for the two. The Court finds such information sufficient, and will deny plaintiff's request.

5) Records of all inmates who complained about extreme temperatures in Isolation in July and August, 2008, at the North Central Unit, and also any complaints made about such since the Unit was opened. Plaintiff states this information is needed to prove his claim of extreme temperatures in isolation. Defendants respond by repeating that inmates are not provided with information from other inmates' records, and that plaintiff does not need such records in that he can not make claims on the behalf of other inmates. Based on the policy protecting information in other inmates' files, the Court will deny plaintiff's request.

6) Photographs of the ventilation system in the segregation unit and plaintiff's assigned cell in July and August, 2008. Defendants deny such information based on security reasons. Although the Court concurs, defendants should be prepared to present them at trial.

7) Affidavits of inmate witnesses who are located at another prison. Plaintiff asks for this information to help prove his claims. Defendants respond that they can not provide affidavits from unidentified and unnamed inmates. The Court agrees and will deny plaintiff's request.

8) Copies of plaintiff's informal resolutions and grievances. Defendants respond that they can not locate a prior request for such documents and that plaintiff should have copies of all grievances he filed. To the extent that plaintiff has not previously requested such documents, the Court will deny his motion. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motion to compel (DE #79) is hereby GRANTED IN PART, with respect to the names of inmates housed adjacent to him in July and August, 2008, and DENIED with respect to the remaining requests.

IT IS SO ORDERED this 19th day of November, 2009.

/s/ Henry L. Jones, Jr.
United States Magistrate Judge