IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

RAYMOND CALVIN,
ADC #118038                                                                                    PLAINTIFF

VS.                           CASE NO.1:09CV00006SWW/HLJ

LARRY MAY, et al.                                                                          DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #93). Plaintiff filed a response in opposition to the motion (DE #102), defendants filed a reply (DE #104), and plaintiff filed a second response (DE #105).

Plaintiff is a state inmate incarcerated at the Quachita River Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging Eighth and Fourteenth Amendment violations while he was incarcerated at the North Central Unit of the ADC in July, 2008. Specifically, plaintiff alleges the conditions of confinement were unconstitutional when he was placed in punitive segregation without air conditioning for a thirty-day period. He also alleges his Equal Protection rights were violated with respect to a disciplinary charge he received after a fight with another inmate. Plaintiff claims that while both inmates were charged

with the same violations, he (an African-American), received a more severe punishment than the other inmate (a Caucasian). Plaintiff asks for monetary and injunctive relief.

## II. Summary Judgment Motion

A. Defendants' Motion

1) Conditions of Confinement Claim - In support of their motion, defendants state plaintiff's Eighth Amendment conditions of confinement claim must fail for the following reasons: a) plaintiff's allegations against them in their official capacities should be dismissed because they are entitled to sovereign immunity from his monetary claims against them, and because any injunctive relief sought by plaintiff is moot since he is no longer incarcerated at the North Central Unit; b) plaintiff is not entitled to recover damages from them in their individual capacities because he did not suffer more than a de minimis injury and because he can not recover damages for emotional distress; c) the conditions of confinement did not violate plaintiff's Eighth and Fourteenth Amendment rights because the Constitution does not mandate comfortable prisons; d) defendants are entitled to qualified immunity because a reasonable officer could have believed that plaintiff's conditions were lawful, in light of the clearly-established law; e) respondeat superior is not a basis for liability against defendants Gibson, Norris, Evans and Dobbs; and f) plaintiff failed to exhaust his administrative remedies against defendants because he did not specifically name any of the defendants in the grievance he filed.

2) Equal Protection Claim - With respect to this claim, defendants state plaintiff was not similarly-situated to the other inmate because he was charged with two violations, as opposed to one against the other inmate, and because plaintiff was found to be the aggressor. In addition, defendants state plaintiff can not prove that plaintiff's additional ten-day assignment to punitive isolation was

3

motivated by intentional or purposeful discrimination.

B. Plaintiff's Response

In support of his response, plaintiff states he has a constitutional right to be housed in a unit which is cool and free from unconstitutionally-extreme temperatures. He states at times during the thirty-day period the temperature reached over 90 degrees and he was so hot he took off all his clothes except for his boxer underwear. He claims defendants were deliberately indifferent to the conditions when they ignored his complaints and the temperatures caused him to be sweaty, itchy, and to suffer migraine headaches. He also claims to have complained to defendants Burris, Evans, McFarren and Dobbs about the conditions. With respect to his equal protection claim, plaintiff states he was similarly situated to the other inmate, John Williams, as they were both charged with provoking or agitating a fight, but plaintiff was treated as the aggressor. Plaintiff also disputes some of the facts set forth in the charges filed against him.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most

4

favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

1) Conditions of Confinement

The Court finds as a matter of law that the conditions to which plaintiff was subjected for a thirty day period were not unconstitutional. In Hudson v. McMillian, 503 U.S. 1, 9 (1992), the United States Supreme Court held that the constitution does not mandate "comfortable" prisons. In Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004), the court dealt with a civil rights action filed by death row inmates alleging the high temperatures in their cells during the summer months constituted cruel and unusual punishment. According to the prison logs, the court found that the average temperature of the Unit during the day was between eighty-five and eighty-six degrees, and at night, about eighty degrees. The court also noted the existence of a ventilation unit and concluded that the conditions did not involve the "wanton and unnecessary infliction of pain." Id at 1289. The court reviewed several cases interpreting Eighth Amendment law in light of similar allegations of excessive heat and ventilation, and concluded that the Eighth Amendment is concerned with the severity and duration of exposure and that "a prisoner's mere discomfort, without more, does not offend the Eighth Amendment." Id. At 1295. The Court also noted that the Unit was equipped with a ventilation system, that inmates were not required to perform prison labor during this time, that inmates were provided access to water in their cells and were not required to wear many clothes.

Similarly, in this case, the Court finds the temperatures were not unconstitutional. According to the temperature logs provided by the defendants during the period in question, the average

5

temperatures during the day ranged from seventy-five degrees to eighty-one degrees, and from seventy five degrees to seventy-eight degrees at night. DE #93, Ex. I . In addition, according to the affidavit of defendant McFerren, a forced induction ventilation system in place ensures that air is constantly flowing through the Isolation area, and during the time in question, the system was operating as designed. DE # 93, Ex. H. McFerren also noted he never received any complaints regarding the ventilation system during that time. In addition, plaintiff had access to water in his cell, testified he wore only boxer shorts during much of the time, and was not assigned a prison work job. DE #93, Ex. A. Other factors the Court has considered include the plaintiff's medical classification, his physical condition, and his regular participation in recreation call and several sports. DE #93, Ex. A.

In his response to the defendants' motion, plaintiff states he continues to be in a weakened physical state as a result of the thirty days spent in Isolation in 2008, and that the ventilation system "failed to circulate cool air throughout" the Isolation area which produced physical discomfort. However, plaintiff provides no medical records, or other evidence to support these allegations. As noted by the Court in Webb v. Lawrence County, 144 F.3d 1131, 1135 (8th Cir. 1998), "[o]nce the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." The Court finds plaintiff has not presented such facts, and therefore, finds defendants' motion should be granted.

2) Equal Protection

According to the undisputed material facts, plaintiff, who is an African-American, was involved in an argument with another inmate, who is white, concerning a baseball glove during

recreation time. As a result of the argument, plaintiff was charged by a non-party, Officer Ward, with two disciplinary violations, battery and provoking or agitating a fight. The other inmate, John Williams, was charged with provoking or agitating a fight. According to the affidavit of defendant Engelhardt, he considered witness statements and the statement of Officer Ward in finding both inmates guilty of provoking or agitating a fight, and in finding plaintiff not guilty of battery. DE #93, Ex. C. However, Engelhardt further states because the witness statements supported a finding of plaintiff as the aggressor, plaintiff also received an additional ten day sentence in punitive isolation.

According to the Equal Protection Clause, the government must treat similarly-situated persons alike. Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996). If a plaintiff shows that he was similarly-situated, he must then show evidence of discriminatory intent on the part of the defendants. Patel v. United States Bureau of Prisons, 515 F.3d 807, 816 (8th Cir. 2008). Initially, the Court finds that plaintiff and inmate Williams were not similarly-situated, in that plaintiff was charged with an additional offense, and the facts as presented by the witnesses supported a finding of plaintiff as the aggressor. The Court also notes that plaintiff does not name as a defendant Officer Ward, upon whose witness statement defendant Engelhardt relied, but rather, the hearing officer, defendant Engelhardt. Furthermore, the Court finds that plaintiff has provided no evidence to support a finding of discriminatory intent on the part of defendant Engelhardt, especially in light of his decision to find plaintiff not guilty on the battery charge. Therefore, the Court finds as a matter of law that plaintiff fails to support his Equal Protection claim against defendants. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #93) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 13th day of January, 2010.

                                               */s/ Henry L. Jones, Jr.*
                                               United States Magistrate Judge